**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000450
20-JUN-2024
11:08 AM
Dkt. 58 SO**

NO. CAAP-20-0000450


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR
TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TO
LASALLE BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF
THE STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2003-BC2,
A NATIONAL BANKING ASSOCIATION, Plaintiff-Appellee,
v.
KARL KAZUO SAIKI; KARL KAZUO SAIKI, AS TRUSTEE
OF THE RACHEL K. SAIKI IRREVOCABLE TRUST UNDER AN UNRECORDED
TRUST INSTRUMENT DATED MAY 10, 1989, Defendants-Appellants,
and
FIRST HAWAIIAN BANK, SUCCESSOR BY MERGER TO FIRST INTERSTATE
BANK OF HAWAII FKA AMERICAN SECURITY BANK, A HAWAII CORPORATION,
Defendants-Appellees,
and
DOES 1 THROUGH 20, INCLUSIVE, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191000474)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)


This is a judicial foreclosure case. Defendants-

Appellants Karl Kazuo Saiki, Karl Kazuo Saiki, as Trustee of the

Rachel K. Saiki Irrevocable Trust Under an Unrecorded Trust Instrument Dated May 10, 1989 (**Saiki**), appeal from (1) the Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed August 12, 2019, and (2) the Judgment, both entered on June 12, 2020 by the Circuit Court of the First Circuit (**circuit court**).[1]

Saiki owned real estate in Honolulu (the **Property**). In November 2002, Saiki executed a $308,000 promissory note (**Note**) in favor of BNC Mortgage, Inc. (**BNC**). The Note is indorsed in blank. Saiki secured the Note with a mortgage on the Property (the **Mortgage**). The Mortgage identified Mortgage Electronic Registration Systems, Inc. (**MERS**), solely as nominee for BNC, as mortgagee. The Mortgage was assigned by MERS to LaSalle Bank National Association as Trustee for Structured Asset Investment Loan Trust Series 2003-BC2.

The Mortgage was then subsequently assigned to U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor to LaSalle Bank, N.A., as Trustee for the Holders of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC-2 (**U.S. Bank**)

---

[1] The Honorable Jeannette H. Castagnetti presided.

by assignment of mortgage recorded on October 23, 2013. Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) serviced the loan.

Saiki defaulted on the loan in September 2012. Nationstar sent Saiki notice of the default and acceleration of the loan (**Notice**) in February 2018. The Notice provided Saiki thirty-five days to cure the default. Saiki did not timely cure the default, and U.S. Bank filed a complaint for judicial foreclosure in the circuit court on March 25, 2019. Saiki failed to respond to the complaint, and the circuit court entered an order declaring Saiki to be in default in July 2019.

U.S. Bank moved for summary judgment and interlocutory decree of foreclosure in August 2019. Saiki moved to dismiss and/or for summary judgment, and to set aside defaults. The circuit court set aside the defaults entered against Saiki, but otherwise denied Saiki's motion. The circuit court granted summary judgment and an interlocutory decree of foreclosure in favor of U.S. Bank, and entered the Judgment. Saiki appealed.

On appeal, Saiki contends that "the Circuit Court abused its discretion by concluding that [U.S. Bank] established": (1) "standing at the time the action commenced in the absence of admissible evidence supporting such a conclusion"; and (2) "that it provided [Saiki] with adequate

3

notice of default in the absence of sufficient admissible supporting evidence."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Saiki's points of error as follows:

(1) Saiki contends that the circuit court erred in granting summary judgment because U.S. Bank lacks standing to bring its foreclosure claim. We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings,
> depositions, answers to interrogatories and admissions on
> file, together with the affidavits, if any, show that there
> is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law. A
> fact is material if proof of that fact would have the
> effect of establishing or refuting one of the essential
> elements of a cause of action or defense asserted by the
> parties. The evidence must be viewed in the light most
> favorable to the non-moving party. In other words, we must
> view all of the evidence and inferences drawn therefrom in
> the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citations omitted).

U.S. Bank, as the foreclosing party, "must also [*inter alia*] prove its entitlement to enforce the note and mortgage." Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017). In Reyes-Toledo, the Hawaiʻi Supreme Court held that,

4

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact. A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note. A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property. Thus, the underlying "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder. Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action.

Id. at 367-68, 390 P.3d at 1254-55 (cleaned up).

Here, the summary judgment record reflects that U.S. Bank attached, to its foreclosure complaint: (1) the Declaration of Possession of Original Promissory Note by attorney Zachary K. Kondo (**Kondo**), who declared under penalty of perjury that he had personally reviewed the wet-ink Note on March 21, 2019, and that the original Note was stored at Aldridge Pite's[2] Honolulu law office; (2) a copy of the Note and the Bailee Letter to Aldridge Pite, authenticated by Kondo; and (3) the March 1, 2019 Verification to Foreclosure Complaint of Tina Marie Braune, a Document Execution Associate for Nationstar, who declared under penalty of perjury that she was authorized to provide verification, "[has] access to and [is] familiar with

---

[2] Aldridge Pite, LLP serves as legal counsel for U.S. Bank in this matter.

Nationstar's books and records regarding the Loan," "[is] familiar with the manner in which Nationstar maintains its books and records," "personally reviewed the documents and records relating to this case for factual accuracy[,]" and confirmed U.S. Bank's possession of the Note. On this record, we conclude that U.S. Bank satisfied its initial burden on summary judgment. See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021) (holding that "there is admissible documentary evidence showing that U.S. Bank possessed the Note both a mere six weeks before the filing of the complaint and at the time of summary judgment. Collectively, the evidence presented by U.S. Bank thus establishes the bank's possession of the Note on the day the complaint was filed.").

The burden then shifted to Saiki, and Saiki did not meet his burden of establishing that there is a genuine question of material fact for trial. Id. at 328, 489 P.3d at 432 ("[A] defendant may counter this inference of possession at the time of filing with evidence setting forth 'specific facts showing that there is a genuine issue' as to whether the plaintiff actually possessed the subject note at the time it filed suit.") (citing to Hawaiʻi Rules of Civil Procedure Rule 56(e)). Saiki offered no evidence that U.S. Bank, through its counsel, did not

possess the Note at the time U.S. Bank's foreclosure complaint was filed.  There is no merit to Saiki's argument that U.S. Bank lacks standing due to a "break in the chain of ownership of the Mortgage."  Hawaii Revised Statutes § 490:3-301 (2008), which defines "'[p]erson entitled to enforce' an instrument" as, *inter alia*, "the holder of the instrument," provides that "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."  Thus, U.S. Bank, which established that it was the "holder of the instrument," was entitled to enforce the Note irrespective of an alleged "break in the chain of ownership of the Mortgage."

On this record, we conclude that U.S. Bank had standing to bring its foreclosure action, and the circuit court did not err in granting summary judgment.

(2) Saiki contends that the circuit court erred in granting summary judgment because U.S. Bank failed to provide adequate notice of default.  Saiki's contention lacks merit.

U.S. Bank presented documentation showing that Nationstar mailed the Notice to Saiki via first class mail, return receipt requested.  The Mortgage itself provides that notice of default is "deemed to have been given to Borrower" if mailed via first class mail.  Saiki has not produced evidence to

rebut the presumption that U.S. Bank's Notice was mailed via first class mail, and does not dispute receipt of the Notice.

On this record, we conclude that Saiki did not raise a genuine issue of material fact regarding the notice of default and acceleration of the loan, and the circuit court did not err in granting summary judgment.

For the foregoing reasons, we affirm the circuit court's Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed August 12, 2019, and the Judgment, both entered on June 12, 2020.

DATED:  Honolulu, Hawaiʻi, June 20, 2024.

On the briefs:

Matthew K. Yoshida,
for Defendants-Appellants.

Nainoa J. Watson,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge